# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 08-41317
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO JESUS OBREGON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-452-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Mario Jesus Obregon, along with multiple codefendants, was charged in an indictment with conspiracy to kidnap an individual in foreign commerce, kidnapping an individual in foreign commerce, and aiding and abetting the use of a firearm during and in relation to a crime of violence. A jury convicted him of the charged offenses, and he was sentenced to a total of 312 months of imprisonment and a five-year term of supervised release. He now seeks to appeal his conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Obregon contends that the evidence was insufficient to establish that he conspired to kidnap an individual in foreign commerce or that he knowingly and intentionally kidnapped an individual in foreign commerce. He argues that the Government did not prove beyond a reasonable doubt that he agreed to have the victim, Mateo Esquivel Valiente Solis (Solis), restrained or moved unwillingly, or that he derived any particular benefit from Solis's detention. He asserts that the evidence establishes that he merely was present for the events surrounding the kidnapping and that he did not voluntarily participate in the commission of the crime.

Because Obregon moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the Government's case, and he renewed the motion at the close of all the evidence, we consider the evidence presented in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-438 (5th Cir. 2005). We resolve all reasonable inferences and credibility determinations in support of the verdict and determine whether the jury made a rational decision. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002); *United States v. Resio-Trejo,* 45 F.3d 907, 911 (5th Cir. 1995).

To prove an offense of kidnapping pursuant to 18 U.S.C. § 1201, the Government must establish "(1) the transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom or reward or otherwise, (4) such acts being done knowingly and willfully." *United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001). A defendant may be punished as a principal if he aids or abets the commission of an offense, i.e., Obregon may be convicted of kidnapping if he associated with the criminal venture, purposefully participated in the crime, and sought by his actions for it to succeed. *See United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007).

2

To prove a conspiracy to kidnap, the Government must establish that (1) an agreement existed between two or more people to pursue the offense of kidnapping, (2) the defendant knew of the agreement, and (3) voluntarily participated in the conspiracy. 18 U.S.C. §1201(c); *United States v. Bankston* 603 F.2d 528, 531, 532-33 (5th Cir. 1979). "[A]greement may be inferred from 'concert of action, [v]oluntary participation may be inferred from a collocation of circumstances, and [k]nowledge may be inferred from surrounding circumstances.'" *United States v. Paul*, 142 F.3d 836, 840 (5th Cir. 1998) (citations omitted). "Typically, the same evidence will support both a conspiracy and an aiding and abetting conviction." *United States v. Singh*, 922 F.2d 1169, 1173 (5th Cir.1991).

Viewing the evidence in the light most favorable to the Government, and resolving all reasonable inferences and credibility determinations in support of the verdict, there is sufficient evidence in the record that Obregon was guilty of both conspiracy to kidnap and aiding and abetting the commission of the kidnapping. The record contains evidence that Obregon freely associated with, and willingly promoted the aims of, a group that confined Solis and intended to transport him to Mexico. The record specifically supports that Obregon directly facilitated the objectives of the group by, inter alia, authorizing the detention of Solis and acting to conceal the group's activities after Solis was transported unwillingly. The record also contains evidence that the kidnapping was devised to punish Solis for perceived transgressions against Obregon and that Obregon had substantial influence over whether Solis was released or detained. Thus, the record shows that Obregon voluntarily affiliated himself with a group that undertook specific actions that Obregon knew would cause Solis's detention. *See Pando Franco*, 503 F.3d at 394; *Paul*, 142 F.3d at 840.

Obregon also argues that the evidence was insufficient to sustain his conviction of using a firearm during and in relation to a crime of violence. He contends that the Government failed to prove that he committed a crime of

3

violence (i.e., either conspiracy to kidnap or kidnapping), and he therefore could not be convicted of using a firearm in relation to those crimes. He also asserts that there is no evidence that he at any time possessed a firearm, or that the weapons present during the kidnapping were used in connection with that crime.

Pursuant to 18 U.S.C. § 924(c)(1), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence," be sentenced to varying terms of imprisonment based on the kind of firearm or the nature of its use. Kidnapping and conspiracy to kidnap are crimes of violence for purposes of the statute. 18 U.S.C. § 924(c); *United States v. Phipps*, 319 F.3d 177, 183 (5th Cir. 2003). Under *Pinkerton v. United States*, 328 U.S. 640 (1946), "a party to a conspiracy may be held responsible for a substantive offense committed by a coconspirator in furtherance of a conspiracy, even if that party does not participate in or have any knowledge of the substantive offense." *United States v. Jensen*, 41 F.3d 946, 955-56 (5th Cir.1994) (citation and internal quotation marks omitted). For a defendant to be convicted of the substantive offenses of a coconspirator under *Pinkerton*, the act must have been reasonably foreseeable to the defendant. *United States v. Dean*, 59 F.3d 1479, 1489, 1490 n.20 (5th Cir.1995).

The instant record contains sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that Obregon committed an offense under § 924(c). *See Lopez-Moreno*, 420 F.3d at 437-438. Although there was no evidence that Obregon actually handled a firearm or at any time utilized a firearm, the record demonstrates that Obregon's co-conspirators used firearms to facilitate the kidnapping of Solis and that it was reasonably foreseeable to Obregon that his co-conspirators would use weapons for that purpose. Obregon's co-conspirators specifically brandished weapons to restrain and to intimidate Solis, and the guns were displayed and used in Obregon's presence. Because there also was adequate evidence to sustain Obregon's convictions of kidnapping

and conspiracy to kidnap (i.e,. crimes of violence), Obregon was permissibly convicted under § 924(c) for the violations committed by his co-conspirators. *See Jensen*, 41 F.3d at 955-56; *Dean*, 59 F.3d at 1489.

Obregon further argues that the district court violated the Confrontation Clause by wrongly interfering with his counsel's cross-examination of witnesses. He contends that the court specifically prevented his counsel from questioning witnesses on subjects that were pertinent to their credibility. He asserts that the court essentially protected witnesses from impeachment or unfairly limited his counsel's ability to ask questions about meaningful matters.

This court reviews claimed violations of a defendant's Sixth Amendment confrontation right de novo. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004). If there is no constitutional violation, then this court reviews a district court's limitations on cross-examination for an abuse of discretion, which requires a showing that the limitations were clearly prejudicial. *United States v. Jimenez*, 464 F.3d 555, 558-59 (5th Cir. 2006).

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the opportunity to cross-examine the witnesses against him. *Delaware v. Van Arsdall*, 475 U. S. 673, 678 (1986). However, the Confrontation Clause merely guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original). The district court has "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679. The Confrontation Clause is generally satisfied when the defendant "has been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v.*

5

*Restivo*, 8 F.3d 274, 278 (5th Cir. 1993) (internal quotation marks and citation omitted).

The record shows that the district court's intervention did not interfere with the defense's cross-examination of witnesses, but instead limited that cross-examination to germane and appropriate subjects. The district court properly restricted the extent to which defense counsel was allowed to probe marginally relevant topics that Obregon only speculates may have enabled him to impeach witnesses. *See Van Arsdall*, 475 U.S. at 679. The district court likewise did not wrongly limit counsel from repetitive cross-examination because any limitations on counsel's ability to elicit cumulative testimony did not affect the jury's ability to evaluate the credibility of witnesses. *See United States v. Davis,* 393 F.3d 540, 548 (5th Cir. 2004). The district court also properly limited counsel's use of argumentative questions, *cf. United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993) (concluding that defendant's rights were not infringed upon when the district court imposed limitations after cross-examination became redundant and argumentative) and permissibly set forth limitations on the subjects on which parties could question witnesses. *Cf. United States v. Martinez*, 151 F.3d 384, 389-90 (5th Cir. 1998) (holding that court did not prejudice defendant by limiting his counsel to pre-established limitations on, inter alia, the scope of cross-examination). Accordingly, Obregon has not shown that the limitations that the district court imposed on his counsel's cross-examination constituted an abuse of discretion.

The judgment of the district court is AFFIRMED.